UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LUIS AGUILAR, )<br>)<br>Defendant. )<br>_____ ) | CR-F-06-0123 LJO<br><br>ORDER RE: MOTION FOR DISCOVERY [Doc. 66]<br><br>SETTING ARRAIGNMENT ON THE SECOND SUPERSEDING INDICTMENT<br><br>February 21, 2007 at 1:30pm before Judge Sandra M. Snyder (Ctrm: 7) |

The Court has received and reviewed the Government's Request for an Order Shortening Time to compel discovery, as well as the points and authorities and declaration in support of the motion to compel discovery. The Court has also received and reviewed the Defendant's Response to the Government's motion. At issue is the transcript in the USA v Salazar case from the Central District of California.

The review of documents submitted raises more questions than it answers. The Court is aware that the trial is set for March 13, 2007, and the Pretrial Motions must be filed on or before February 20, 2007. Clearly there is a time constraint in play. The questions currently existing:

1. Does the representation of defense counsel that she has no intent to use the transcript of the USA v Salazar case in her case-in-chief at trial satisfy the Government that the transcript does not come within the requirements of FRCrim P Section 16(A)?

///

2.  Does Defense Counsel intend on using the transcript for ANY purpose at trial or in any pretrial motion?

3.  As the Court recalls, there was a reference that the transcript was voluminous.  Does Defense Counsel object to allowing Government Counsel's review of the transcript in the office of the Federal Defender to determine what portions the Government would like to order from the Court Reporter in the Central District? (the court's focus on the question is two-fold:  the cost of the entire transcript which may be extensive when all that may be desired is a small number of pages; and the time it might take to get all or part of the transcript from the Central District court reporter).

4.  Has there been any contact made by Government Counsel to the Court Reporter from the Central District concerning cost and timing factors?

5.  What is the stated need or relevancy of the requested transcript?

Both sides of the case need to understand that if Judicial Notice is again requested,  a more deliberate, orderly  and fair procedure will be followed.  More specifically, if a voluminous document production is made without adequate notice (when there is now time to give the notice) upon which a motion for Judicial Notice is based,  the Court will disallow that type of unfair procedure and not take Judicial Notice, especially if the request would require a multi-hour jury delay.

Based on what is before the court currently, there is not a legal basis to grant the motion, and it is therefore denied.

The Court also sets the Arraignment for the Second Superseding Indictment on calendar for Wednesday, February 21, 2007 at 1:30pm before Judge Sandra M. Snyder, Courtroom Seven. IT IS SO ORDERED.

**Dated:      February 15, 2007**                          **/s/ Lawrence J. O'Neill**
b9ed48                                                    UNITED STATES DISTRICT JUDGE