UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-F-06-0123 LJO |
| Plaintiff, | ) ) | DECISION ON EVIDENTIARY MATTERS: |
| v. | ) ) | (1) Judicial estoppel (2) Elements of consent to allow the Alien's |
| LUIS AGUILAR, | ) ) | re-application |
| Defendant. | ) ) | Hearing: 3/12/07 at 11:00 a.m. Dept.: 4 (LJO) |
| | ) | |

The Court has received and reviewed: (1) the Government's supplemental points and authorities responding to "collateral estoppel;" (2) the Government's supplemental points and authorities on "consent to reapply for admission;" and (3) the Defendant's response to both.

The Court finds and rules as follows:

1. The defendant is charged in the indictment with reentry of a deported alien in violation of Section 1326(a) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

   First, the defendant is an alien;

   Second, the defendant was deported from the United States; and

   Third, the defendant reentered the United States without the consent of the Secretary of the Department of Homeland Security or of any authorized representative of the department.

2. The statutory language of 8 U.S.C. section 1326(b)(2) also is pertinent both to the arguments and to this Court's ruling. It provides, in pertinent part:

"Notwithstanding subsection (a), in the case of any alien described in such subsection-- . . . . (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both;"

3. The prosecution is entitled to a jury instruction declaring that due to the circumstances, to wit: the convictions for aggravated felonies, surrounding the defendant's prior deportations, he was statutorily ineligible to receive the consent of the Attorney General or his designee to apply for readmission.

   (A) while noted that there are exceptions to the statutory preclusion, it is not the burden of the government to prove every possible negative when there exists not even a representation, let alone preferred evidence, that such an exception exists. To hold otherwise would invite and allow the defendant to discuss irrelevant matters, and as a result, invite the jury to speculate based on the sole tactic of confusion. Such is precisely what is precluded by Fed.R.Evid. 403, on the grounds of confusion and a waste of time.

   (B) In the defendant's case-in-chief, should there be evidence of the existence of any statutory exception that applies to the defendant, then and only then will there be further discussion concerning statutory ineligibility to receive consent to reapply.

4. The shredding of documents in southern California is of no relevance to this case unless,

   (A) the Government makes it relevant by attacking the defendant's credibility by asserting that he did not file the application he claimed to have filed, or

   (B) the defense presents evidence that there exists facts that make exceptions to the statutory ineligibility applicable to the defendant <u>AND</u> the defense brings evidence that the application to reapply, and also the decision on such an application, both had the possibility of having been shredded.

/////

5.  There exists no exception to the hearsay rule that would allow the defendant to proffer his own out-of court statement claiming he filed an application for reentry.

6.  The elements of judicial estoppel as outlined in the United Stated Supreme Court in the cited case of *Zedner v United States*, – U.S. –, 126 S.Ct. 1976 (2006) are not present in this case as they pertain to the Central District Case of California.

7.  While the defendant argues that the alleged shredding of documents referred to in a non-related case in another judicial district has relevance to whether or not the defendant is the person who was previously departed from the United States in 1991, 1993 and 1998, the Court will reserve ruling, pending evidence to establish such relevance. If, ultimately, relevance is established, the defendant will be expected to present competent evidence, consistent with this Court's rulings herein, of the existence of shredding, what was shredded, etc.

8.  This ruling also addresses issues raised in the just-filed defendant's motion for discovery (Doc. 91). The parties are directed to analyze how these rulings affect the newly filed motions, and to narrow the issues for further discussion in light of this Court's ruling. The Hearing for the just-filed defense discovery motion will take place at 11:00 a.m. on Monday, March 12, 2007 in Department 4.

IT IS SO ORDERED.

DATED:    March 9, 2007                    /s/ Lawrence J. O'Neill
                                                        LAWRENCE J. O'NEILL
                                                   UNITED STATES DISTRICT JUDGE